1
2
3
4

Michael R. Bracamontes (SBN 242655)
Ryan J. Vlasak (SBN 241581)
BRACAMONTES & VLASAK, P.C.
220 Montgomery Street, Suite 870
San Francisco, CA 94104
Phone: (415) 835-6777
Fax:    (415) 835-6780

5
6

Attorneys for Plaintiff Gabrielle Rodriguez

7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  GABRIELLE RODRIGUEZ, | **CASE NO.:** |
| 11              Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 12        vs. | **JURY TRIAL DEMANDED** |
| 13  CITY OF FRESNO, JERRY DYER, ROBERT | |
| 14  CHAVEZ, and DOES 1 to 20, inclusive, | |
| 15 | |
| 16              Defendants. | |

17    Plaintiff Gabrielle Rodriguez sues City of Fresno, Jerry Dyer, Robert Chavez, and Does 1 to 20,

18  ("Defendants"), and each of them, demands a trial by jury of all issues, and for causes of action alleges:

19                          **JURISDICTION**

20  1.  This action arises under 42 U.S.C. § 1983.  Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

21              **VENUE AND INTRADISTRICT ASSIGNMENT**

22  2.  The claims alleged herein arose in the City of Fresno, State of California.  Accordingly, venue and

23      assignment is proper in the United States District Court for the Eastern District of California, Fresno

24      division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3-120.

25                              **PARTIES**

26  3.  Plaintiff Gabrielle Rodriguez is an adult over the age of 18 and at all times mentioned herein was,

27      and still is, a resident of the City and County of Fresno, State of California.

28  4.  Defendant City of Fresno is, and at all relevant times mentioned herein was, a municipal corporation

- 1 -

*Rodriguez v. City of Fresno, et al. - Complaint for Damages*

1    duly organized and existing under the laws of the State of California.

2    5.  Defendant Jerry Dyer is, and at all relevant times mentioned herein was, the Chief of Police for the

3        City of Fresno.  Defendant Dyer is sued in his individual and official capacities.  Upon information

4        and belief, Defendant Dyer was the policy-maker for Defendant City of Fresno on the matters

5        alleged herein related to the customs, policies, practices, of the City of Fresno Police Department,

6        including, but not limited to, customs, policies and practices related to the training, supervision,

7        hiring and discipline of police officers and with respect to the management and supervision of the

8        City of Fresno Police Department.

9    6.  Defendant Robert Chavez was, at all relevant times mentioned herein, a Police Officer for Defendant

10       City of Fresno and is sued herein in his individual and official capacities.

11   7.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the

12       fictitious names DOE ONE through DOE TWENTY, inclusive.  Plaintiff will amend this complaint

13       to allege their true names and capacities when ascertained.  Plaintiff is informed and believes that

14       each of the DOE defendants is responsible in some manner for the occurrences and injuries alleged

15       in this complaint.

16   8.  At all times mentioned in the causes of action to which this paragraph is incorporated by reference,

17       each and every Defendant was the agent or employee of each and every other Defendant.  In doing

18       the things alleged in the causes of action into which this paragraph is incorporated by reference, each

19       and every Defendant was acting within the course and scope of this agency or employment and was

20       acting with the consent, permission, and authorization of each of the remaining Defendants.  All

21       actions of each of the Defendants alleged in the causes of action into which this paragraph is

22       incorporated by reference were ratified and approved by the officers or managing agents of every

23       other Defendant.

24                                  **STATEMENT OF FACTS**

25   9.  On January 1, 2009, Ms. Rodriguez was attending a New Year's Eve party at the real property

26       located at 964 E. Princeton Ave., Apt. A, Fresno, California (the "Subject Premises") with her

27       boyfriend, Danny Hernandez ("Mr. Hernandez").

28   10. After engaging in a verbal argument with another guest inside the Subject Premises, Mr. Hernandez

                                           - 2 -
─────────────────────────────────
*Rodriguez v. City of Fresno, et al. - Complaint for Damages*

1 | went outside.

2 | 11. While outside the Subject Premises, Mr. Hernandez heard a noise, which caused him to inspect the
3 | area near the gate.

4 | 12. Mr. Hernandez was startled by men dressed in dark clothing, who pointed their guns toward Mr.
5 | Hernandez's face.

6 | 13. The men, who Mr. Hernandez later learned were City of Fresno Police Officers, failed to identify
7 | themselves, and carried guns with flashlights attached on top, identical to those used by gang
8 | members in the area.

9 | 14. Accordingly, Mr. Hernandez, in fear that he was under attack by gang members, fled into the Subject
10 | Premises for safety.  Mr. Hernandez was not carrying a weapon and did not otherwise pose a threat
11 | to the City of Fresno Police Officers or any other persons.

12 | 15. Having failed to identify themselves and having no cause to follow a private citizen into a residence,
13 | shortly after Mr. Hernandez entered the Subject Premises, the City of Fresno Police Officers forcibly
14 | entered into the Subject Premises through the front door absent a warrant and absent exigent
15 | circumstances.

16 | 16. The City of Fresno Police Officers had no reason to follow Mr. Hernandez, whose identity was
17 | unknown to them at that time, and forcibly enter a private dwelling.  The police officers later
18 | acknowledged that they did not see Mr. Hernandez carrying a weapon.

19 | 17. Although one officer said he identified himself upon entering the Subject Premises, his partner stated
20 | he did not hear any such remark.

21 | 18. The City of Fresno Police Officers entered the Subject Premises with guns drawn despite the fact
22 | there were women and children present.

23 | 19. Ms. Rodriquez was in the house at the time the police officers entered the dwelling without consent.
24 | Ms. Rodriquez was simply standing in the house when the officers entered and did not have any
25 | weapons on her person.

26 | 20. Without  provocation  or  probable  cause,  Defendant  Chavez  intentionally,  recklessly,  and/or
27 | negligently fired two rounds and shot Ms. Rodriguez and Mr. Hernandez. Mr. Hernandez was struck
28 | in the back while Ms. Rodriguez was struck in the abdomen.

*Rodriguez v. City of Fresno, et al. - Complaint for Damages*

21. At no time prior to discharging his weapon did Officer Chavez give Ms. Rodriquez any verbal commands or warnings that he was about to discharge his firearm.

22. At no time prior to Officer Chavez discharging his weapon did Mr. Hernandez threaten the officers, or anyone else, with a weapon or otherwise.

23. Mr. Hernandez, who did not have any firearm in his possession at the time he was shot in the back, was nonetheless subsequently arrested for possession of a firearm and unlawfully detained pursuant to an illegal search and seizure.

24. The police officers have admitted they never saw Mr. Hernandez with a firearm prior to the shooting.

25. As a result of Defendants acts and/or omissions, Ms. Rodriguez was hospitalized for one week and was forced to endure two surgeries to repair the tissue damage.  After her surgeries, Ms. Rodriguez experienced substantial pain and was limited in her ability to perform everyday functions, including walking and lifting.  As a result, Ms. Rodriguez was unable to work for one month and suffered lost wages therefrom.

26. As a further result of Defendants acts and/or omissions, Ms. Rodriguez has suffered, and continues to suffer, severe emotional distress, including depression, anxiety, worry, and fear.

27. As a further result, Ms. Rodriguez will continue to incur damages for unknown future medical complications, which may include complications with child birth.

28. At the time the City of Fresno Police Officer intentionally, recklessly, and/or negligently discharged his firearm, Ms. Rodriguez was simply standing inside the Subject Premises enjoying the New Year's Eve party.

29. The City of Fresno Police Department maintained customs, policies and/or practices whereby Fresno Police Officers were encouraged, authorized and/or permitted to engage in repeated civil rights violations against Hispanic citizens living, traveling and/or visiting in the City of Fresno and were also encouraged, authorized and/or permitted to prepare and file false police reports, fabricate evidence, subject such persons to unlawful shootings, excessive force and maliciously arrest numerous individuals for crimes they did not commit.

30. The abuses in question were the product of a culture of tolerance within the City of Fresno Police

- 4 -

*Rodriguez v. City of Fresno, et al. - Complaint for Damages*

1    Department.   This culture is rooted in the deliberate indifference of high ranking City officials,

2    including, but not limited to Defendant Dyer and/or other high ranking City of Fresno Police

3    Department officials and/or supervisors, individually and/or acting in concert with one another, who

4    have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to

5    prevent and curtail such misconduct.

6    31. Ms. Rodriguez suffered violations of her constitutional rights as a result of the customs, policies,

7    patterns and/or practices of Defendant City of Fresno and Defendant Dyer, including, but not limited

8    to, deliberate indifference in the hiring, supervision, training, and discipline of members of the City

9    of Fresno Police Department, including, but not limited to, Defendant Chavez.  Defendant Dyer was

10    responsible for the hiring, supervision, training, and discipline of members of the City of Fresno

11    Police Department.

12    32. Ms. Rodriguez suffered violations of her constitutional rights as a result of Defendant City of Fresno

13    and Defendant Dyer's customs, policies and/or practices of failing to ensure that officers were not

14    encouraged by their training officers, in the academy and elsewhere, to engage in acts of misconduct

15    against citizens and to falsify reports and evidence; failing to fully and/or fairly investigate alleged

16    misconduct by its police officers; failing to appropriately monitor or otherwise track complaints of

17    misconduct against its police officers so that appropriate and timely disciplinary action and/or

18    training could be taken when officers were shown to have a history of complaints; and/or failing to

19    promptly remove or terminate officers who repeatedly violated the rights of citizens and/or engaged

20    in the type of misconduct alleged herein.

21    33. The incidents described herein were caused by the deliberate indifference of Defendant City of

22    Fresno, Defendant Dyer, and/or other high ranking Police Department officials and/or supervisors,

23    with regard to the need for more or different training and/or supervision and/or discipline of its

24    police officers, including, but not limited to, Defendant Chavez.

25    34. Ms. Rodriguez suffered violations of her constitutional rights as a result of Defendant City of Fresno

26    and Defendant Dyer's customs, policies or practices which encouraged, authorized or condoned

27    unlawful shootings, excessive force, false arrests, fabrication of evidence, falsification of police

28    reports and/or other misconduct which foreseeably would result in the violation of the rights of

- 5 -

1  citizens.

2  35. As a result of Defendant City of Fresno's policy of indifference, a custom or practice developed

3     within the City of Fresno Police Department whereby it was accepted practice for police officers to

4     abide by a "Code of Silence."   Under this Code, police officers charged with upholding the law

5     routinely ignored or otherwise failed to report or take action against fellow police officers who

6     engaged in misconduct, including, but not limited to, Defendant Chavez.

7  36. Defendant Dyer, tacitly or directly ratified, approved, condoned and/or otherwise encouraged a

8     pattern, practice, custom or policy of misconduct and/or civil rights violations by his subordinates,

9     such as occurred in the instant case.

10  37. Prior to the subject incident, Defendant City of Fresno and Defendant Dyer and/or other high

11     ranking members of the City of Fresno Police Department were on actual notice of problems with

12     the accountability of Fresno Police Officers, including, but not limited to, problems with the ability

13     of the Internal Affairs Bureau of the City of Fresno Police Department to fully, fairly, and

14     objectively investigate citizens' complaints concerning misconduct of members of the City of Fresno

15     Police Department.

16  38. As a result of customs, policies, practices and/or the lack thereof, Defendant City of Fresno,

17     Defendant Dyer and/or high ranking supervisors of the City of Fresno Police Department have

18     encouraged, authorized, ratified, condoned and/or have failed to remedy continuing acts of

19     misconduct and civil rights violations, including, but not limited to, those which have resulted in the

20     damages as alleged herein to Plaintiff.

21  39. The subject incident was the result of a custom, policy, pattern and/or practice of Defendant City of

22     Fresno and Defendant Dyer whereby Hispanic persons, such as Ms. Rodriguez, were singled out for

23     disparate treatment and subjected to excessive force, unreasonable searches and seizures, false

24     arrests and/or false imprisonments because of their race, gender and/or age.

25  40. Despite having notice of customs, policies, patterns and/or practices by members of the City of

26     Fresno Police Department wherein Hispanic persons were repeatedly subjected to excessive force,

27     unreasonable searches and seizures, false arrests, false imprisonments and false charges, Defendant

28     City of Fresno, Defendant Dyer, and/or other high ranking officials of the City of Fresno and/or

- 6 -

1   Fresno Police Department have failed to take any or appropriate remedial action to prevent

2   continuing misconduct by members of the City of Fresno Police Department.

3   41. The conduct of Defendant Chavez, in discharging his firearm and shooting Ms. Rodriquez and Mr.

4   Hernandez, was intentional, malicious, oppressive, fraudulent and/or done with a conscious or

5   reckless disregard for the Plaintiff's rights and warrants a claim for punitive or exemplary damages

6   in amounts to be determined according to proof.

7   42. Plaintiff is further informed and believes and thereon alleges that Defendants City of Fresno and

8   Dyer had prior notice of similar acts of alleged misconduct on the part of Defendant Chavez but

9   failed to take any or appropriate remedial action in response thereto prior to the subject incident.

10  43. Plaintiff is further informed and believes and thereon alleges that Defendants City of Fresno and/or

11  Dyer ratified, approved and/or condoned the conduct that occurred in this case as evidenced by their

12  continuing failure to discipline, reprimand, terminate and/or train the officers involved in the subject

13  incident.

14  44. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions of Defendants

15  Chavez and Dyer were intentional malicious, oppressive and/or done with a conscious or reckless

16  disregard of the Plaintiff's rights.

17  **COMPLIANCE WITH CALIFORNIA GOVERNMENT TORT CLAIMS ACT**

18  45. Prior to commencing this litigation, Plaintiff presented a timely Tort Claim to the City of Fresno

19  pursuant to the California Tort Claims Act.  Said claim was rejected by operation of law.

20  **CLAIMS FOR RELIEF**

21  **FIRST CLAIM FOR RELIEF**

22  **(VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT CHAVEZ)**

23  46. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding

24  paragraphs as though set forth herein.

25  47. In doing the acts complained of herein, Defendant Chavez acted under color of state law to deprive

26  Plaintiff of certain constitutionally protected rights, including, but not limited to: (a) the right not to

27  be deprived of liberty without Due Process of Law; (b) the right to be free from unreasonable search

28  or seizure; and/or (c) the right to equal protection of the law.

- 7 -

*Rodriguez v. City of Fresno, et al. - Complaint for Damages*

48. It was clear under the law, at the time of the shooting, that the use of deadly force under said circumstances was unreasonable and unconstitutional.

49. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

50. As a direct and proximate result of said acts and omissions, Ms. Rodriguez has suffered actual damages in an amount according to proof.

SECOND CLAIM FOR RELIEF

(VIOLATION OF 42 U.S.C. § 1983

AGAINST DEFENDANTS CITY OF FRESNO AND JERRY DYER)

51. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though set forth herein.

52. The acts and/or omissions alleged herein are indicative and representative of a repeated course of conduct by members of the City of Fresno Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens in Fresno.

53. It was clear under the law, at the time of the shooting, that the use of deadly force under said circumstances was unreasonable and unconstitutional.

54. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by the City of Fresno and Jerry Dyer to the repeated violations of the constitutional rights of citizens by City of Fresno police officers, which have included, but are not limited to, repeated false arrests, repeated false imprisonments, the repeated use of excessive force, denial of equal protection of the law based on race, gender and/or age, and other repeated violations of the constitutional rights of citizens in Fresno.

55. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to

- 8 -

1    enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent

2    continuing violations of the rights of citizens, the failure to properly train and/or discipline officers,

3    the failure to adequately or properly supervise officers, the failure to adopt an appropriate early

4    warning system, policies and customs which encouraged officers to target certain groups of citizens

5    for aggressive police tactics and/or other customs, and/or policies which caused and/or contributed

6    to, the violation of the rights of citizens by members of the City of Fresno Police Department.

7    56. The aforementioned deliberate indifference, customs, policies or practices of Defendant City of

8    Fresno and Jerry Dyer resulted in the deprivation of Plaintiff's constitutional rights including, but not

9    limited to, the following: (a) the right not to be deprived of liberty without Due Process of Law; (b)

10   the right to be free from unreasonable searches and/or seizures; and/or (c) the right to equal

11   protection of the law.

12   57. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United

13   States Constitution.

14   58. As a direct and proximate result of said acts and omissions, Ms. Rodriguez has suffered actual

15   damages in an amount according to proof.

**THIRD CLAIM FOR RELIEF**

**(NEGLIGENCE AGAINST DEFENDANTS CHAVEZ AND CITY OF FRESNO)**

18   59. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding

19   paragraphs as though set forth herein.

20   60. Defendant Chavez, while acting within the course and scope of his employment for Defendant City

21   of Fresno, and individually, owed Plaintiff the duty to exercise reasonable care at or about the times

22   of the aforementioned incidents.

23   61. Defendant Chavez, by his conduct alleged herein, negligently, carelessly, and wrongfully breached

24   his duty to use reasonable care owed to Plaintiff.

25   62. Defendant City of Fresno is therefore liable as respondeat superior and/or vicariously for the

26   negligence of its employees and agents within the course and scope of their employment and agency

27   as alleged herein.

28   63. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages and

- 9 -

1    injuries as alleged herein.

2                    FOURTH CLAIM FOR RELIEF

3        (BATTERY AGAINST DEFENDANTS CHAVEZ AND CITY OF FRESNO)

4    64. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding

5        paragraphs as though set forth herein.

6    65. In doing the acts alleged in this Complaint, Defendant Chavez caused Plaintiff to be subjected to

7        non-consensual, non-privileged, offensive touching of Plaintiff's body, constituting battery.

8    66. As a result of said battery, Plaintiff suffered the damages and injuries alleged in this Complaint.

9    67. Said battery was caused by Defendants Chavez within the course and scope of his employment with

10       Defendant City of Fresno and/or individually.

11   68. Defendant City of Fresno is therefore liable for said battery as respondeat superior and/or

12       vicariously.

13                    FIFTH CLAIM FOR RELIEF

14        (VIOLATION OF CALIFORNIA CIVIL CODE § 51.7

15        AGAINST DEFENDANTS CHAVEZ AND CITY OF FRESNO)

16   69. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding

17       paragraphs as though set forth herein.

18   70. In doing the acts and/or omissions as alleged herein, Defendant Chavez caused Plaintiff to be

19       subjected to force or violence because of her race and/or gender.

20   71. As a result, Plaintiff is entitled to relief under California Civil Code § 51.7, including, but not limited

21       to, compensatory damages, statutory damages, punitive damages, attorney's fees and costs in

22       amounts to be determined according to proof.

23   72. The acts or omissions of said Defendants, and each of them, were within the course and scope of

24       their employment for Defendant City of Fresno.  Defendant City of Fresno is therefore liable as

25       respondeat superior and/or vicariously.

26                    SIXTH CLAIM FOR RELIEF

27        (VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 AGAINST ALL DEFENDANTS)

28   73. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding

- 10 -

*Rodriguez v. City of Fresno, et al. - Complaint for Damages*

1 | paragraphs as though set forth herein.

2 | 74. In doing the acts and/or omissions as alleged herein, Defendants caused Plaintiff to suffer the
3 | violation of her rights guaranteed by the United States Constitution and the California Constitution.

4 | 75. As a result, Plaintiff is entitled to relief under California Civil Code Section 52.1, including, but not
5 | limited to, compensatory damages, statutory damages, punitive damages against the individually
6 | named defendants, attorney's fees, and costs in amounts to be determined according to proof.

7 | SEVENTH CLAIM FOR RELIEF
8 | (NEGLIGENT HIRING, SUPERVISION, TRAINING AND/OR DISCIPLINE
9 | AGAINST DEFENDANTS DYER AND CITY OF FRESNO)

10 | 76. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding
11 | paragraphs as though set forth herein.

12 | 77. At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendants
13 | City of Fresno and Dyer had a duty to use reasonable care with respect to the hiring, supervision,
14 | training and/or discipline of members of the City of Fresno Police Department, including, but not
15 | limited to, Defendant Chavez, to avoid foreseeable injury and damages to members of the public,
16 | such as Plaintiff.

17 | 78. Plaintiff is informed and believes and thereon alleges that Defendants City of Fresno and Dyer
18 | negligently breached said duty to use reasonable care in the hiring, training, supervision and/or
19 | discipline of members of the City of Fresno Police Department, including, but not limited to,
20 | Defendant Chavez, resulting in the damages and injuries sustained by Plaintiff as alleged in this
21 | Complaint.

22 | 79. Defendant City of Fresno is liable as respondeat superior and/or vicariously for the negligence of its
23 | employees and agents, including Defendant Dyer, within the course and scope of their employment
24 | and agency as alleged herein.

25 | EIGHTH CLAIM FOR RELIEF
26 | (VICARIOUS LIABILITY
27 | AGAINST DEFENDANT CITY OF FRESNO)

28 | 80. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in the preceding

- 11 -

*Rodriguez v. City of Fresno, et al. - Complaint for Damages*

1   paragraphs as though set forth herein.

2   81. Defendants City of Fresno and DOES 1-20 have a duty to manage and prevent Fresno Police

3   Officers from committing the acts and/or omissions alleged herein including, but not limited to,

4   using excessive force, committing battery, being negligent, conducting unlawful seizures, failing to

5   properly train, supervise, discipline, and direct police officers in the use of deadly force.

6   82. Defendants City of Fresno and DOES 1-20 breached said duties and proximately caused injuries and

7   damages to Plaintiff alleged herein.

8   83. At all times mentioned herein, Defendants Dyer and Chavez were employees of Defendant City of

9   Fresno and acting within the scope of their employment as officers of the City of Fresno.

10   84. Defendants City of Fresno and DOES 1-20, as the supervisors and employers of Defendants Chavez

11   and Dyer, are responsible for the harm caused by Defendants Chavez and Dyer's wrongful acts

12   and/or omissions while acting within the scope of their employment for the City of Fresno pursuant

13   to California Government Code section 815.2.

14   85. The acts and/or omissions, as to Defendant City of Fresno, alleged above were  malicious, reckless,

15   and/or accomplished with a conscious disregard of Plaintiff's rights thereby entitling Plaintiff to an

16   award of exemplary and punitive damages according to proof.

17   ## PRAYER FOR RELIEF

18   **WHEREFORE**, Plaintiffs pray for judgment as follows:

19   A. General damages in amounts to be determined according to proof;

20   B. Special damages in excess of $76,000.00, including but not limited to, lost wages, medical

21   damages, and future medical care;

22   C. Statutory damages pursuant to California Civil Code Sections 51.7, 52, and/or 52.1;

23   D. Attorneys' fees pursuant to statutes;

24   E. Costs of suit;

25   F. Punitive and exemplary damages in amounts to be determined according to proof as to the

26   individual defendants;

27   G. For pre and post judgment interest as permitted by law;

28   H. For such other and further relief as the Court may deem just and proper.

*Rodriguez v. City of Fresno, et al. - Complaint for Damages*

Dated:  July 2, 2009

By:   /s/ Michael Bracamontes
Michael R. Bracamontes, Esq.
BRACAMONTES & VLASAK, P.C.
Attorneys for Plaintiff Gabrielle Rodriguez

- 13 -

*Rodriguez v. City of Fresno, et al. - Complaint for Damages*