Rosemary T. McGuire, Esq.   Bar No. 172549

WEAKLEY, ARENDT, MCGUIRE, LLP
1630 E. Shaw Avenue, Suite 176
Fresno, CA  93710
Telephone:  (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, JERRY DYER, and ROBERT CHAVEZ

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLE RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF FRESNO, JERRY DYER, ROBERT CHAVEZ and DOES 1 to 20, inclusive,<br><br>　　　　Defendants.<br>_____ | CASE NO. 1:09-CV-01176-AWI-GSA<br><br>**STIPULATION AND ORDER RE DISCOVERY DISPUTE CONCERNING CONFIDENTIAL DOCUMENTS INCLUDING PERSONNEL RECORDS; AND PROTECTIVE ORDER** |

　　　　Pursuant to the Court's order the parties, through their respective counsel, met and conferred regarding the discovery dispute set forth in the Amended Joint Statement Regarding Discovery Dispute filed July 28, 2010. After meeting and conferring the parties agreed to the disclosure of the following records maintained in and/or considered part of the personnel file of Officer Robert Chavez:

　　　　1.　　Internal Affairs/Administrative investigation reports, in which Robert Chavez is the subject of a complaint which involve use of force, lack of truth and/or veracity, preparing false or inaccurate reports or actions which violate the civil rights of a citizen.  Defendant may withhold compelled statements of other police officers contained in the report(s) however the officers' names and business contact information will be disclosed.  It was further agreed that complaints regarding

Officer Chavez, that do not involve the categories above, will be delineated in a privilege log to be submitted under seal to the Court to make a determination if there is some relevance to the issues in the case, and should be disclosed.

        2.        Employment evaluations;

        3.        Reports of discipline and letters of commendation; and

        4.        Training records.

        5.        The Internal Affairs investigation/review of the subject incident, excluding compelled statements from Fresno police officers.

        6.        Any other documents in Officer Chavez's personnel file that relate to or involve the use of force, lack of truth and/or veracity, preparing false or inaccurate reports or actions which violate the civil rights of a citizen.

The court ordered that the time frame for which the records are to be disclosed is ten (10) years.

In addition, it was agreed that Use of Force reports concerning Officer Chavez for three (3) years prior to the subject incident, will be produced.

It was further agreed and ordered that the documents identified in this protective order, with the exception of the Internal Affairs investigation/review of the subject incident, would be produced within 30 days of the hearing on this motion. The Internal Affairs investigation/review of the subject incident, excluding compelled statements from Fresno police officers, will be produced upon completion.

The release of these confidential documents will be pursuant to the following Protective Order:

<u>PROTECTIVE ORDER</u>

        1.        The "Confidential" documents shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation. The party producing the documents described above may designate them by affixing a mark labeling the documents as "Confidential - Subject to Protective Order" (with the exception of photographs) provided that such marking does not obscure or obliterate the content of

any document.  In the event an issue arises regarding a document's designation, the parties will attempt to resolve it informally before seeking the Court's intervention.

2. The documents identified in this protective order may be disclosed only to the following persons:

    a) the counsel for any party to this action;

    b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

    c) court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

    d) any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

    e) any in-house expert designated by defendants to testify at trial in this matter;

    f) witnesses may have the information disclosed to them during deposition proceedings; the witnesses shall be bound by the provisions of paragraph 3;

    g) the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel;

The confidential documents are not to be disclosed to Gabrielle Rodriguez or Danny Hernandez outside of trial at which time the issue will be addressed with the court.

3. Each person to whom the "confidential" documents or any portion thereof is provided, with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such information, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order.  Such person must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt.  Plaintiff's counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given.  The defendants may not request the identities of said individuals, however, until the final termination of the litigation

or if defendants, in good faith, are able to demonstrate that Plaintiff, or an agent thereof, has breached the Stipulated Protective Order. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court. Should the case proceed to trial, the designation and treatment of the confidential information will be revisited. This stipulation and protective order shall not be used as a basis for excluding any evidence at the trial of this matter.

4. Any documents or information submitted to the Court that reveals confidential material shall be submitted under seal pursuant to Local Rules 39-140 and 39-141. Any document filed with the Court that includes confidential information shall be submitted under sealed label with a cover sheet as follows: "This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order." Such document shall be kept by the Court under seal and made available only to the Court or counsel.

5. Should any document designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the City of Fresno of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

6. After the conclusion of this litigation, the documents, in whatever form stored or reproduced, containing "confidential" information will remain confidential, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom "confidential" documents were disclosed shall return the documents to counsel for the producing party. The conclusion of this litigation means termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the defendants in a manner in which the City of Fresno will be able to reasonably identify that all documents were returned.

///

///

Stipulation and Order including Protective Order
Regarding Joint Discovery Dispute                4

**IT IS SO STIPULATED:**

DATED: August 6, 2010                    WEAKLEY, ARENDT & McGUIRE, LLP

                              By:    /s/ Rosemary T. McGuire
                                     Rosemary T. McGuire
                                     Attorney for Defendants

DATED:  August 6, 2010                   BRACAMONTES & VLASAK, P.C.

                              By:    /s/ Michael R. Bracamontes
                                     Michael R. Bracamontes
                                     Attorney for Plaintiff

   IT IS SO ORDERED.

   Dated:   **August 9, 2010**              **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

---

Stipulated Protective Order                     5