# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLE RODRIGUEZ, ) | 1:09-cv-01176 AWI GSA |
| ) | |
| Plaintiff, ) | **ORDER REGARDING PLAINTIFF'S** |
| ) | **MOTION TO COMPEL FURTHER** |
| v. ) | **RESPONSES TO REQUEST FOR** |
| ) | **PRODUCTION OF DOCUMENTS** |
| CITY OF FRESNO, JERRY DYER, ) | |
| ROBERT CHAVEZ, ) | (Document 19) |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**PROCEDURAL BACKGROUND**

On June 24, 2010, Plaintiff Gabrielle Rodriguez filed a Motion to Compel further responses to a request for production of documents. (Doc. 19.) On July 15, 2010, Defendants City of Fresno, Jerry Dyer and Robert Chavez filed an opposition to the motion. (Doc. 22.) An Amended Joint Statement re Discovery Dispute was filed July 28, 2010. (Doc. 29.)

On July 30, 2010, this Court held a hearing on the motion to compel wherein the parties were directed to continue meet and confer efforts. A resolution was reached regarding a portion of the discovery at issue in the motion. Thus, the parties were directed to file an agreed discovery order, setting forth those issues resolved during meet and confer. Additionally, the

parties were ordered to file a joint statement outlining the remaining discovery disputes to be resolved by the court.  (Doc. 27.)

On August 6, 2010, the parties filed a stipulation and protective order regarding those matters resolved during meet and confer proceedings held July 30, 2010.[1]  (Docs. 27 & 30.)

On August 6, 2010, the parties also filed a Supplemental Joint Statement Re Discovery Disagreement as to those matters unresolved by further meet and confer efforts.  (Doc. 29.)

**DISCUSSION**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).  Discovery will also serve to narrow and clarify the issues in dispute.  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Rule 26 of the Federal Rules of Civil Procedure establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

***Requests for Production of Documents***

Plaintiff's First Request for Production of Documents includes the following requests that remain at issue in Plaintiff's motion to compel further responses:

---

[1] Those issues resolved by the parties pertain to the discovery requests concerning Defendant Chavez, with the exception of request number 40 addressed herein.

|  |  |  |
|---|---|---|
| No. 10: | All documents which evidence use of force reports involving Officer Derek Avila in the last ten years. |
| No. 12: | All documents which evidence internal affairs reports involving Officer Derek Avila in the last ten years. |
| No. 15: | All documents which evidence discipline reports involving Chief Jerry Dyer in the last ten years. |
| No. 16: | All documents which evidence internal affairs reports involving Chief Jerry Dyer in the last ten years. |
| No. 35: | All documents which evidence employment evaluations involving Chief Jerry Dyer in the last ten years. |
| No. 36: | All documents which evidence employment evaluations involving Officer Derek Avila in the last ten years. |
| No. 38: | All documents which evidence citizen complaints involving Chief Jerry Dyer in the last ten years. |
| No. 39: | All documents which evidence citizen complaints involving Officer Derek Avila in the last ten years. |
| No. 40: | All documents which evidence psychological testing involving Officer Robert Chavez in the last ten years. |

(Doc. 29 at 4-14.)

    The Court has carefully reviewed the Supplemental Joint Statement Re Discovery Disagreement. Plaintiff's motion is GRANTED IN PART and DENIED IN PART as specified below. As to those requests wherein production of documents has been ordered granted, this Court found Defendants' objections on the basis that the requests were vague, ambiguous, burdensome and oppressive, or in violation of individual privacy rights, unpersuasive. As to those requests pertaining to Defendant Dyer, the Court is not persuaded that the documentation is relevant to Plaintiff's claims, nor is the documentation reasonably calculated to lead to

admissible evidence.  Finally, this Court holds that the "psychological testing" sought by Plaintiff and pertaining to Defendant Chavez is protected by the psychotherapist-patient privilege.  *See Jaffe v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996).

**ORDER**

Plaintiff's motion is DENIED as to the Request for Production of Documents numbers 15, 16, 35, 36, 38 and 40.

Plaintiff's motion is GRANTED as to the Request for Production of Documents numbers 10, 12 and 39, as indicated:

| | | |
|---|---|---|
| Request No. 10: | Use of Force reports concerning Officer Derek Avila within the previous three years; |
| Request No. 12: | Internal Affairs reports or reports of discipline, in which Officer Derek Avila is the subject of a complaint which involves the use of force, lack of truth and/or veracity, preparing false or inaccurate reports or actions which violate the civil rights of a citizen within the last ten years; |
| Request No. 39: | Citizen complaints or any other documents in Officer Derek Avila's personnel file that relate to or involve the use of force, lack of truth and/or veracity, preparing false or inaccurate reports or actions which violate the civil rights of a citizen within the last ten years. |

Accordingly, Defendants shall produce the documents responsive to Plaintiff's First Request for Production of Documents numbers 10, 12 and 39, no later than Wednesday, September 15, 2010, subject to a protective order.

IT IS SO ORDERED.

Dated:   **September 1, 2010**          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE