1
2
3
4
5
6
7           IN THE UNITED STATES DISTRICT COURT FOR THE
8                  EASTERN DISTRICT OF CALIFORNIA
9
10  GABRIELLE RODRIGUEZ,            )    CV F 09- CV - 1176 AWI MJS
                                    )
11           Plaintiff,             )
                                    )    ORDER ON DEFENDANTS'
12      v.                          )    MOTION FOR
                                    )    RECONSIDERATION OF
13  CITY OF FRESNO, JERRY DYER      )    MAGISTRATE JUDGE'S
    ROBERT CHAVEZ, and DOES 1 to 20, )   ORDER ON PLAINTIFF'S
14  inclusive,                      )    MOTION TO COMPEL
                                    )    DISCOVERY
15           Defendants.            )
    _____ )    Document # 36
16
17
18
19
20          In this action, plaintiff Gabrielle Rodriguez ("Plaintiff") alleges civil rights violations

21  under federal and state law against defendants City of Fresno, Jerry Dyer and Robert Chavez

22  (collectively, "Defendants") based on injuries she sustained as a bystander during a police

23  response to an incident at her home in the City of Fresno.  During discovery, Plaintiff moved

24  to compel disclosure of certain personnel records pertaining to Defendants Dyer and Chavez

25  and pertaining to non-defendant Fresno Police Officer, Derek Avila ("Avila").  On September

26  1, 2010, the Magistrate Judge issued an order granting in part and denying in part Plaintiff's

27  motion to compel (hereinafter, the "September 1 Order").

28          In the instant motion, Defendants seek reconsideration of the Magistrate Judge's

    September 1 Order to the extent it granted Plaintiff's motion to compel disclosure of records

1   that pertain to the personnel and internal affairs records of Avila. For the reasons that follow,

2   the court will deny Defendants' motion for reconsideration.

3   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

4   The factual allegations set forth in the complaint differ sharply from those alleged by

5   Defendants in their motion for reconsideration. Defendants allege Fresno Police Department

6   dispatched defendant Chavez and officer Avila in response to a telephone report of a

7   disturbance at a residence located at 964 E. Princeton, Fresno. The caller reported a person

8   brandishing a gun and identified the person as Danny Hernandez, a Bulldog gang member,

9   and gave a description of him. The two officers approached the residence and parked about

10  300 feet away. As they approached on foot, Defendants allege they saw a person fitting the

11  description of the person who called in the report in the backyard and saw a person walking

12  out the front door of the apartment who was later identified as Hernandez. Defendants allege

13  they approached Hernandez with guns drawn and identified themselves whereupon

14  Hernandez turned and ran back to the apartment, opened the door and went inside. The

15  officers pursued Hernandez to the apartment and kicked the door open as Hernandez was

16  attempting to shut it. Defendants then allege as follows:

17  Officer Chavez continually ordered Hernandez to stop and show his
    hands. Hernandez grabbed for his waistband [where a weapon was reportedly
18  concealed] and looked over his shoulder towards Officer Chavez, as if to size
    him up. With his hand on his waistband, Hernandez' upper body started to
19  rotate toward Office Chavez. Officer Chavez believed his life was in danger
    and feared for the safety of the others in the room. He [Chavez] then fired two
20  shots. Officer Chavez saw Hernandez either grab a female standing to the
    right of him, or run into her causing her to turn and come between Officer
21  Chavez and Hernandez. Hernandez went down and a gun landed on the
    ground. Officer Chavez kicked the gun away from Hernandez. The gun, later
22  determined to be loaded, matched the description provided by the original
    reporting party.
23
24  Doc. # 36 at 3:9-17.

25  In contrast, Plaintiff's complaint alleges the following with regard to the same events

26  leading up to the point Plaintiff suffered the wound now complained of:

27  On January 1, 2009, [Plaintiff] was attending a New Years's Eve party at the
    real property located at 964 E. Princeton Ave., Apt. A, Fresno, California (the
28  "Subject Premises") with her boyfriend Danny Hernandez ("Mr. Hernandez").
    After engaging in a verbal argument with another guest inside the Subject

2

Premises, Mr. Hernandez went outside.  While outside the Subject Premises, Mr. Hernandez heard a noise, which caused him to inspect the area near the gate.  Mr. Hernandez was startled by men dressed in dark clothing, who pointed their guns toward Mr. Hernandez's face.  The men, who Mr. Hernandez later learned were City of Fresno Police Officers, failed to identify themselves, and carried guns with flashlights attached on top, identical to those used by gang members in the area.

Accordingly, Mr. Hernandez, in fear that he was under attack by gang members, fled into the Subject Premises for safety.  Mr. Hernandez was not carrying a weapon and did not otherwise pose a threat to the City of Fresno Police Officers or any other persons.  Having failed to identify themselves and having no cause to follow a private citizen into a residence, shortly after Mr. Hernandez entered the Subject Premises, the City of Fresno Police Officers forcibly entered into the Subject Premises through the front door absent a warrant and absent exigent circumstances.

[¶ . . .¶]

[Plaintiff] was in the house at the time the police officers entered the dwelling without consent.  [Plaintiff] was simply standing in the house when the officers entered and did not have any weapons on her person.  Without provocation or probable cause, Defendant Chavez intentionally, recklessly, and/or negligently fired two rounds and shot [Plaintiff] and Mr. Hernandez.  Mr. Hernandez was struck in the back while [Plaintiff] was struck in the abdomen.

Doc. # 1 at 2:25 - 3:28 (Paragraph numbers omitted).

Plaintiff's complaint was filed on July 2, 2009. The complaint alleges eight claims for relief.  The first alleges violation of Plaintiff rights under the Fourth and Fourteenth Amendments in violation of 28 U.S.C. § 1983 against Defendant Chavez.  Plaintiff's second claim for relief alleges Monell claims against Defendants Dyer and City of Fresno.  Plaintiff's third and fourth claims for relief allege negligence and battery claims respectively against Defendants Chavez and City of Fresno.  Plaintiff's fifth claim for relief alleges unlawful use of violence based on race or gender in violation of California Civil Code section 51.7 against Defendants Chavez and City of Fresno.  Plaintiff's sixth claim for relief alleges violation of California Civil Code, section 52.1 against all Defendants.  Plaintiff's seventh claim for relief alleges negligent hiring, training and supervision against Defendants Dyer and City of Fresno and Plaintiff's eighth claim alleges vicarious liability against City of Fresno.

Plaintiff's motion to compel which was the subject of the Magistrate Judge's September 1 Order was filed on June 24, 2010.  The parties filed a joint statement of discovery disagreement on July 28, 2010.  On August 6, 2010, following hearing on the

3

discovery dispute, the parties filed a stipulated order resolving certain issues and filed an amended statement of discovery disagreement.  The September 1, Order resolved the remaining disputed discovery issues.

At issue in the instant motion for reconsideration is the Magistrate Judge's grant of Plaintiff's motion to compel with respect to the following requests:

1.   Use of force reports concerning officer Avila within the previous three years. (Request # 10).

2.   "Internal Affairs reports or reports of discipline, in which [Avila] is the subject of a complaint which involves the use of force, lack of truth and/or veracity, preparing false or inaccurate reports or actions which violate the civil rights of a citizen within the last ten years."  (Request # 12)

3.   "Citizen complaints or any other documents in [Avila's] personnel file that relate to or involve the use of force, lack of truth and/or veracity, preparing false or inaccurate reports or actions which violate the civil rights of a citizen within the last ten years."  (Request # 39).

The instant motion for reconsideration of the September 1 Order was filed on September 15, 2010.  Plaintiff's opposition was filed on September 17, 2010.

## LEGAL STANDARD

Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987).   To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. §

4

636(b)(1)(A); Fed. R. Civ. P. 72(a).  As such, the court may only set aside those portions of

the Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed.R.Civ.P.

72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991)

(discovery sanctions are non- dispositive pretrial matters that are reviewed for clear error

under Rule 72(a)).

**DISCUSSION**

Defendant's arguments against Plaintiff's motion to compel responses to requests

numbered 10, 12 and 39 are identical.  Therefore, for purposes of analysis, the court will

consider each of the parties' arguments as applicable to each of the subject requests for

production of documents.  Defendants assert the following grounds for reconsideration of the

Magistrate Judge's September 1 Order:

> (1)    The Use of Force reports, Internal Affairs reports, and Officer Avila's personnel file information are privileged and therefore non-discoverable.
>
> (2)    The Use of Force reports, Internal Affairs reports, and personnel file information are not relevant nor reasonably calculated to admissible evidence.
>
> (3)    Plaintiff's anticipated use of the Use of Force reports, Internal Affairs reports, and personnel file documents render them neither discoverable nor relevant.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may

obtain discovery regarding any matter, not privileged, which is relevant to the claim or

defense of any party . . . . ."  Relevancy is to be considered broadly, to include "any matter

that bears on , or that reasonably could lead to other matter that could bear on, any issue that

is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Accordingly, the court must determine whether the information sought is relevant and not

privileged.

### A. Relevance

As explained in more detail below, Defendants have failed to produce the

documentation necessary to make the threshold showing that they are entitled to assert that

they are not required to disclose documents pertaining to Avila on the grounds the

information sought is privileged.  Because the documents required in order to establish the

5

right to assert privilege – the privilege log and a declaration or affidavit explaining

Defendant's claimed entitlement to privilege – are the same as the documents the court would

use to undertake a careful examination of relevance, the court is without sufficient

information to undertake the required examination of claims of irrelevance with regard to

specifically identified documents.  However, to the extent Defendants are attempting to make

the blanket contention that there are no personnel records pertaining to Avila and no Internal

Affairs records pertaining to Avila that are relevant to Plaintiff's case, the court will examine

those contentions.

Defendant's main contention with regard to the relevance of Avila's personnel and

Internal Affairs documents to Plaintiff's action is that Avila is not a named defendant, did not

fire any shots, and is therefore merely a percipient witness.  The court has two observations in

this regard.  First, Avila is not a bystander, he is an agent of the entity Defendant, City of

Fresno.  Given that the functional unit of response of City of Fresno to the type of factual

scenario alleged in this action (a domestic disturbance) may often be a pair of police officers,

rather than a single officer, it is reasonably probable that disclosure of personnel records or

Internal Affairs records pertaining to Avila may lead to admissible evidence pertaining to

how the unit of response, rather than the individual officer, customarily responds under

similar factual situations.  Second, and perhaps more important, Avila is, as Defendants point

out, Defendants' only percipient witness and the person who will be called upon to provide

defense testimony relevant to most, if not all, of Plaintiff's claims for relief.  It follows that

Avila's personnel and Internal Affairs Records may lead to evidence that is admissible, at

minimum, to challenge Avila's veracity and qualification to provide the testimony given.

To a significant extent, Defendants' arguments are self-defeating in the context of the

instant motion for reconsideration.  Defendants aver that "[w]hile portions of any Internal

Affairs investigation into the subject incident may be relevant, the entirety of the file may not

be relevant."  Doc. # 36 at 8:8-9 (citing <u>Decampo v. City of Vallejo</u>, 2007 WL 1589541 (E.D.

Cal.) at *6.  Defendants are quite correct, but the argument, like most of the others posited by

Defendants, are arguments that favor carefully crafted protective orders, not blanket

6

determinations of irrelevance.  As noted, Defendants have failed to satisfy their burden to produce the documents necessary both to establish a right to consideration of claims of privilege and to inform the court adequately as to any claim of irrelevance as to any particular documents or pieces of requested information.  Defendants citations to <u>Kelly</u>, <u>Soto</u>, and similar cases, while sufficient to establish the proposition that there will likely be *some* information contained in Avila's personnel and Internal Affairs records that ought to be subject to a protective order, is completely insufficient to establish that *all* such information should be held irrelevant.

### B. Privilege

Federal Law applies to privilege-based discovery disputes involving federal claims, even where there are pendant state law claims.  <u>See</u>, <u>e.g.</u>, <u>Pagano v. Oroville Hospital</u>, 145 F.R.D. 683, 687 (E.D. Cal. 1993); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677, 681-683 (E.D. Cal. 1990).  Privileges are narrowly construed because they impede the full and fair discovery of the truth.  <u>Eureka Fin. Corp. v. Hartford Acc. & Indem. Co.</u>, 136 F.R.D. 179, 183 (E.D. Cal. 1991).  Further, the party asserting a privilege has the burden to establish that it applies.  <u>See</u> <u>e.g.</u>, <u>United States v. O'Neill</u>, 619 F.2d 222, 227 (3rd Cir. 1980).  There has been some disagreement among courts as to the extent to which state privilege law applies in actions that allege claims under 42 U.S.C. § 1983 concurrently with state law claims.  Based on a review of relevant case authority from this district, the court concludes that the dominant and most reasonable approach holds that "in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes."  <u>Maldonado v. California Dep't Corrections & Rehab.</u>, 2007 WL 4249811 (E.D. Cal. 2007) at * 2 (citing, *inter alia*, <u>Pagana</u> and <u>Martinez</u>).

Defendants do not appear to have put a formal name to the privilege they seek to invoke, but a fair reading of their moving papers as well as the pleadings submitted to the Magistrate Judge indicate Defendants seek to invoke what is commonly referred to as the

7

"Governmental Privilege."[1]  The governmental privilege is recognized under federal common law.  Kerr v. United States Dist. Court for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975). However, the privilege is only a "qualified privilege" that "must be formally asserted and delineated in order to be raised properly."  Id. at 198 (internal citations omitted).

To properly invoke the governmental privilege,  "[t]he claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege."  Id.  The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

> The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

Id.  In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege."  Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

In determining the protection afforded by the privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interest of the governmental entity asserting the privilege.  Zackery v. Stockton Police Dep't, 2007 WL 1655634 (E.D. Cal. 2007) at * 3.  The balancing approach should be "moderately pre-weighted in favor of disclosure."  Soto, 162 F.R.D. at 613.  In determining

---

[1]	What the court will refer to here as "Government Privilege" has variously been referred to as "official information privilege," "law enforcement privilege," and "a type of 'executive privilege.'"  See Deocampo v. City of Vallejo, 2007 WL 1589541 (E.D. Cal. 2007) at *4 (citing references for each variant).

the applicability of the governmental privilege to the subject material, the court keeps in mind the purpose of the privilege, which is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation. In re Dep't of investigation of City of New York, 856 F.2d 481, 484 (2nd Cir. 1988).

Based on the foregoing, it is clear that resolution of discovery disputes that implicate the governmental privilege involves two distinct steps.  First, the court determines whether the party claiming the privilege has satisfied the procedural requirements.  If, and only if, the procedural requirements are met, the court proceeds to the second step where it balances the interests of the government in asserting the privilege against the interests of the plaintiff in disclosure.   See Kerr, 511 F.2d at 198 (court need not reach the question of what documents the privilege reaches where the privilege was not "formally asserted and delineated").  The first step is the necessary predicate to the second because it is the documents associated with the procedural requirements that produce the information the court requires to carry out the weighing process. Miller, 141 F.R.D. at 300.

So far as the court can determine, Defendants have failed to produce a detailed list of documents for which privilege is claimed (i.e. a privilege log or its equivalent).  In conjunction with their opposition to Plaintiff's motion to compel, Defendants did submit declarations by police personnel in charge of maintenance of both personnel records and Internal Affairs reports.  The court has examined these declarations and finds they are essentially boilerplate assertions of governmental privilege that make blanket conclusory allegations as to the existence of substantial governmental or privacy interests and assert the impossibility of crafting protective orders that would mitigate harms arising from release. The declarations also fail to show that the party claiming the privilege has personally reviewed the documents responsive to Plaintiff's motion to compel.  Just as the Magistrate Judge found Defendants' objections to Plaintiff's requests for production insufficient because of their boilerplate nature, see Lal v. Fekler, 2010 WL 582138 (E.D. Cal. 2010) (citing case

9

authority for the inappropriateness of various boilerplate objection), so too this court finds the declarations submitted by Defendants with their opposition to Plaintiff's motion to compel are boilerplate in nature and insufficient to meet the requirements set forth in <u>Kerr</u> and its progeny.

By a logic the court finds elusive, Plaintiff argues that Defendants have waived the right to claim governmental privilege because they have not produced either a privilege log or affidavit. Defendants argue that the failure to produce either or both of these does not result in waiver. Waiver is not at issue here. Defendants asserted their right to governmental privilege with regard to the disputed discovery requests before the Magistrate Judge. At the time Defendants asserted the privilege, they had the burden to produce documents sufficient to satisfy the formal requirements outlined in <u>Kerr</u> and related cases; that is, to produce a privilege log or its equivalent and an affidavit showing individual consideration of the relevant documents and reasons for the claim of privilege. The required threshold documents were not produced and consequently Defendants failed to carry their burden of production to claim the privilege.

In conjunction with their argument that the failure to produce a privilege log or adequate declarations or affidavits does not give rise to waiver of rights to claim governmental privilege, Defendants cite authority for two propositions. First, Defendants contend the requirement for a privilege log "does not arise until there is a good faith dispute as to the asserted privilege." Doc. # 36 at 6:21-23 (citing <u>Jackson v. County of Sacramento</u>, 175 F.R.D. 653, 656 (E.D. Cal. 1997)). The portion of <u>Jackson</u> Defendants cite pertains to the issue of waiver, and so is not relevant to the present discussion. However, to the extent Defendants are attempting to use <u>Jackson</u> for the proposition that a privilege log or its equivalent need not be produced until a court hearing on the matter, the court points out that a "good faith dispute" for purposes of any attempt to invoke the governmental privilege exists as of the time that a defendant decides to invoke the privilege in response to a request for production. See <u>Miller</u>, 141 F.R.D. at 300 (threshold requirements to invoke governmental privilege due at the time a party files and serves its response to the discovery request). There

10

is nothing in <u>Jackson</u> that excuses Defendants from the obligation to produce a privilege log at the time they filed their opposition to Plaintiff's motion to compel.

Second, again in the context of their argument against waiver, Defendants cite <u>Jackson</u>, as well as <u>Lal</u>, 2010 WL 582138 and <u>Smith v. Crones</u>, 2009 WL 1809919 (E.D. Cal.) for the proposition that the failure to produce an adequate affidavit or declaration does not result in waiver *and* that Defendants can supply both the privilege log and affidavit at some later time should the court so require.  Doc. # 36 at 6:24 - 7:3.  In both <u>Lal</u> and <u>Smith</u> the district court, in the context motions to compel in prisoner civil rights cases, noted the failure of the defendants to meet the threshold requirements for the governmental privilege and essentially granted additional time for the defendants to file the required documents.  <u>Lal</u>, 2010 WL 582138 at *4-*5; <u>Smith</u> 2009 WL 1809919 at *3.  Neither of these cases establishes the *right* of a defendant to delay making the required threshold showing until some later time when the court asks for it.  As previously noted, the threshold showing consisting of a privilege log or its equivalent are due at the time of objection of the defendants' decision to invoke the privilege in response to a plaintiffs request for production of documents.  Merely noting that other courts have granted leave to file required documents late provides no reason for this court to find the Magistrate Judge's refusal to grant such leave clearly erroneous or contrary to law.


The court concludes that Defendants have failed to show that the Magistrate Judge's September 1 Order to compel production of records pertaining to Avila was clearly erroneous or contrary to law.  Defendants' motion for reconsideration is therefore hereby DENIED.


IT IS SO ORDERED.

Dated:    December 3, 2010    _____
                                    CHIEF UNITED STATES DISTRICT JUDGE